**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| MUKHAMMAD KHOLOV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | CIVIL ACTION NO.: 5:25-cv-226 |

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner Mukhammad Kholov ("Kholov"), who is detained at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed an Answer-Response and a Motion to Dismiss Kholov's Petition. Docs. 7, 13. Kholov filed a Response to the Motion to Dismiss.[1] Docs. 19, 20. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Kholov's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kholov *in forma pauperis* status on appeal. I **GRANT** Kholov's Motion to Expedite, to the extent I am issuing this Report. Doc. 24.

**BACKGROUND**

Kholov is a native of Tajikistan and a citizen of Russia. Doc. 7-1 at 3. He arrived in the United States on March 14, 2024, and was placed in expedited removal proceedings based on

[1] Document Numbers 19 and 20 are identical, though docketed on different dates.

8 U.S.C. § 1225(b)(1). Id. at 2–3. On June 26, 2025, an immigration judge ordered Kholov removed. Kholov did not appeal this order. Id. at 3.

In his Petition, Kholov states he has been in ICE detention since March 14, 2024. Doc. 1 at 2, 4. Kholov contends that, at the time he filed his Petition on December 15, 2025, he had been detained for 20 months without any charges, in violation of his due process rights. Id. at 6, 7. He seeks his release on bond or on parole. Id. at 7.

Respondent asserts that Kholov's Petition is premature because he had not been detained for six months or more after his order of removal became final when he filed his Petition. Doc. 13 at 3. As a result, Respondent maintains that the Court should dismiss Kholov's Petition as premature. Id.

## DISCUSSION

### I. Kholov Filed His Petition Prematurely

As noted, Kholov is under a final order of removal. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During that period, the Attorney General must detain the alien. Id. § 1231(a)(2). If the alien is not removed within the 90-day removal period, ICE can continue to detain the alien if detention is "reasonably necessary" to effectuate removal. Zadvydas v. Davis, 533 U.S. 678, 690 (2001); 8 U.S.C. § 1231(a)(6). However, any continued detention under § 1231(a) must not be indefinite. In Zadvydas, the United States Supreme Court held the indefinite detention of aliens raises serious constitutional concerns. 533 U.S. at 701. Thus, once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Id. The Supreme Court found six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not mean that every alien detained longer than six months must be released from detention. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must: (1) demonstrate he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002); see also D.A.F. v. Warden, Stewart Det. Ctr., No. 4:20-CV-79, 2020 WL 9460467, at *2 (M.D. Ga. May 8, 2020) (same). If a petitioner makes these showings, the burden shifts to the government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701. The Eleventh Circuit Court of Appeals found in Akinwale that the presumptively reasonable six-month period is determined based on the date the petition was filed. See 287 F.3d at 1052 ("[The] six-month period thus must have expired at the time [Petitioner's] § 2241 petition was filed in order to state a claim under Zadvydas.").

In this case, an immigration judge ordered Kholov removed on June 25, 2025, and that order of removal became final on July 28, 2025, since Kholov did not appeal the immigration judge's order. Doc. 7-1 at 3; Doc. 1 at 5, 7, 13. Kholov signed his Petition on December 8, 2025, and it was docketed on December 15, 2025. Doc. 1. Thus, at the time Kholov filed his Petition, the presumptively reasonable post-removal period of six months had not yet expired. Akinwale, 287 F.3d at 1052. And because this period had not expired at the time Kholov filed his Petition, he filed his Petition prematurely. Torres, 2024 WL 6473642, at *5. The Court should grant this portion of Respondent's Motion to Dismiss and dismiss without prejudice Kholov's claims based on § 1231.[2] Kholov is free to re-file his Petition, asserting a claim for

[2] To the extent Kholov wishes to challenge his detention prior to the final order of removal, any such claim is moot. "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210,

prolonged detention, if his circumstances have not changed. But the current Petition should be dismissed.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Kholov leave to appeal *in forma pauperis*. Though Kholov has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

1216 (11th Cir. 2009) (internal quotation marks omitted). The original basis for Kholov's detention in March 2024 was 8 U.S.C. § 1225(b)(1) since Kholov was an alien seeking admission. When he filed his Petition, however, the basis of Kholov's detention had shifted to § 1231(a) since he was under a final order of removal.

Given the above analysis of Kholov's Petition and Respondent's Motion to Dismiss and Kholov's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Kholov's Petition. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kholov *in forma pauperis* status on appeal. I **GRANT** Kholov's Motion to Expedite, to the extent I am issuing this Report. Doc. 24.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA